IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kenneth Simpson,   Case No. 4:14CV2838

  Petitioner

   v.   **ORDER**

Warden, FCI Elkton,

  Respondent

This is a pro se habeas corpus case under 28 U.S.C. § 2241.

In 2011, petitioner Kenneth Simpson was convicted in the Eastern District of Missouri of receiving child pornography. The Eight Circuit dismissed his appeal after concluding it was barred by his plea agreement. *U.S. v. Simpson*, 448 F. App'x 640 (8th Cir. 2011). Petitioner then pursued an unsuccessful motion to vacate under 28 U.S.C. § 2255. *Simpson v. U.S.*, 2013 WL 1490462 (E.D. Mo.); *Simpson v. U.S.*, 134 S. Ct. 1525 (2014) (mem.).

Petitioner now seeks relief under § 2241 on grounds that his guilty plea was involuntary, his counsel was ineffective, and the Eastern District of Missouri lacked jurisdiction.

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

"Under this provision, the District Court has a duty to screen out a habeas corpus petition

which should be dismissed for lack of merit on its face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). "No return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Id*.

Here, it is evident from the face of the petition that petitioner is not entitled to relief.

A habeas proceeding under § 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served," not for claims challenging the legality of a prisoner's conviction or sentence. *U.S. v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

In narrow circumstances, however, a prisoner may challenge his conviction via § 2241. *See* 28 U.S.C. § 2255(e). To do so, the prisoner must show that the remedy afforded under § 2255 – the primary avenue for challenging the legality of a conviction or sentence – is "inadequate or ineffective." *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997).

To show that a proceeding under § 2255 is ineffective, the prisoner must allege actual innocence. Moreover, the prisoner must show that his actual-innocence claim depends on a new rule of law made retroactively applicable by the Supreme Court. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).

In this case, petitioner has not raised an actual-innocence claim – let alone one depending on a retroactively-applicable rule of law. Accordingly, petitioner is not entitled to any relief by way of § 2241.

**Conclusion**

It is, therefore, ordered that:

1. The motion to proceed in forma pauperis (Doc. 3) is granted; and

2. The petition for habeas relief under § 2241 (Doc. 1) is denied.

I certify, moreover, in accordance with 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge