IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kenneth Simpson,                                  Case No. 4:14 CV 2838

         Petitioner,

     v.                                       **ORDER**

Warden, FCI Elkton,

         Respondent.

Petitioner has filed a "Motion to Reconsider" this Court's order denying his Petition for Writ of Habeas Corpus pursuant 28 U.S.C. § 2241. (Doc. No. 8.) The Court held the Petitioner could not challenge his conviction via § 2241 because he did not demonstrate his remedy under 28 U.S.C. § 2255 was inadequate or ineffective to test the legality of his conviction based on governing Sixth Circuit precedent, which instructs that the savings clause in § 2255(e) applies only when a petitioner asserts a claim of actual innocence based on a new rule of law made retroactive by the Supreme Court. As a general principle, motions for reconsideration are granted only if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Petitioner contends the Court dismissed his petition "on a standard of law declared incorrect last year by the Supreme Court" in *Persaud v. United States*, __ U.S. __, 134 S. Ct. 1023, 188 L.Ed. 117 (2014). In *Persaud,* the United States contended in its brief to the Supreme Court that the lower courts erred in holding that the savings clause is never available for sentencing-related claims. The

Government requested, and the Supreme Court granted, a "GVR" order in the case (*i.e.*, an order granting certiorari, vacating the judgment below, and remanding for further proceedings).

GVR orders such as that in *Persaud,* however, are not decisions on the merits and do not have precedential value. *See, e.g., McCleave v. Shartle*, Case No. 15-1560, 2015 WL 1106514, at *1 (D. N.J. Mar. 11, 2015) (finding a petitioner's attack on his sentence under § 2241 based on *Persaud* not cognizable "because a Supreme Court GVR order is not binding precedent," even for the court to which the decision is remanded); *Rodriguez v. Thomas*, Case No. 1: 14 CV 1121, 2015 WL 179057, at *4 (M.D. Pa. Jan. 14, 2015) (rejecting a petitioner's contention that the GVR order in *Persaud* demonstrates the Supreme Court favors a broader interpretation of the savings clause than established by binding Third Circuit precedent). Accordingly, the law of the Sixth Circuit governs whether the Petitioner's claims fall within the savings clause in this case, "absent a binding Supreme Court decision to the contrary." *See McCleave*, 2015 WL 1106514, at *1 (applying Third Circuit precedent, not *Persaud*, to determine if petitioner's claims fell within the savings clause).

There being no binding Supreme Court decision to the contrary, this Court properly applied the standards established by the Sixth Circuit in determining that Petitioner's claims do not fall within § 2255(e)'s savings clause, and properly dismissed his petition. *Persaud* does not govern the Petitioner's claims and does not support his contention that the grounds he asserted in his petition fall within the savings clause in any case.

**Conclusion**

Accordingly, the Petitioner's Motion to Reconsider is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 s/ James G. Carr
JAMES G. CARR
SR. UNITED STATES DISTRICT JUDGE